851 P.2d 516

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Darrell MANUELITO, Defendant–
Appellant.**

**No. 13913.**

Court of Appeals of New Mexico.

March 29, 1993.

Tom Udall, Atty. Gen., Gail MacQuesten, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Sue A. Herrmann, Santa Fe, for defendant-appellant.

## OPINION

CHAVEZ, Judge.

Defendant appeals the dismissal of his appeal to district court from his metropolitan court conviction for battery. The dismissal was based on the untimely filing of his appeal in district court. Defendant raises two issues on appeal: (1) whether defense counsel's failure to timely file a notice of appeal raises a conclusive presumption of ineffective assistance of counsel; and (2) whether the district court erred in dismissing the appeal based on a determination that the failure to timely file was not due to ineffective assistance of counsel. We determine that the district court erred in concluding that the untimely notice of appeal was not due to ineffective assistance of counsel and reverse and remand for reinstatement of Defendant's appeal to the district court docket. Because of our ruling, we need not address the first issue raised by Defendant.

Defendant filed a timely motion for oral argument pursuant to SCRA 1986, 12–214(B) (Repl.1992). In the opinion of the Court, oral argument is not necessary and the motion is denied. *See id.* at (A).

Defendant was convicted after a trial in metropolitan court on July 1, 1991. He was sentenced to two days incarceration and fined $20 on November 12, 1991. Notice of appeal was filed in district court on Tuesday, December 3, 1991, twenty-one days after the judgment and sentence were entered. *See* SCRA 1986, 7–703(A) (Repl.Pamp.1990) (Effective September 1, 1990) (aggrieved defendant may appeal to

the district court within fifteen days after entry of the judgment or final order).

The district court held a hearing on the State's motion to dismiss for failure to file a timely notice of appeal. At the hearing, there was testimony that Defendant's counsel told Defendant he would have to sign some papers for the appeal. There is some dispute about when the papers were sent to Defendant, who was in Kansas, and when the papers were returned to Defendant's counsel. It is clear, however, that Defendant's counsel at the trial and his counsel at the sentencing knew of his desire to appeal. At the conclusion of the hearing, the district court found that Defendant failed to prove ineffective assistance of counsel and that Defendant was not as diligent as he should have been.

We note that Defendant argued at the hearing that other alternatives were available to his counsel, including requesting an extension of time to file the notice. Although Defendant did not argue specifically that counsel should have filed a timely notice even if it was not signed by Defendant, we conclude that this issue was preserved by the argument that counsel was obliged to file a timely notice of appeal and had other alternatives to waiting for Defendant to sign the notice.

■ In order to demonstrate ineffective assistance of counsel, Defendant must prove that counsel's performance fell below the level of a reasonably competent attorney and that he suffered prejudice as a result. *See State v. Powers*, 111 N.M. 10, 11–12, 800 P.2d 1067, 1068–69 (Ct.App.), *cert. denied*, 111 N.M. 16, 801 P.2d 86 (1990). It is undisputed that once aware of Defendant's intent to appeal, counsel has an obligation to safeguard that fundamental right. *See* N.M. Const. art. VI, § 27 (Repl.Pamp.1992); *Evitts v. Lucey*, 469 U.S. 387, 395, 105 S.Ct. 830, 835, 83 L.Ed.2d 821 (1985) (defendant's loss of the right to appeal caused by appellate counsel's failure to follow procedural rules amounts to ineffective assistance of appellate counsel). *United States v. Davis*, 929 F.2d 554, 557 (10th Cir.1991) (defendant is denied effec-

tive assistance of counsel if he asks his lawyer to perfect an appeal and his lawyer fails to do so).

■ The rules for the district court provide that the trial attorney is responsible for filing the notice of appeal or an affidavit from the Defendant waiving the right to appeal. SCRA 1986, 5–702(B) (Repl.1992). No similar provision is contained in the Rules of Criminal Procedure for the Metropolitan Courts. *Cf.* SCRA 1986, 7–702 (Repl.Pamp.1990). Although not explicitly stated, it appears from the testimony and record that the document Defendant's counsel required Defendant to sign was the notice of appeal. We find nothing in the court rules, however, requiring a Defendant to sign a notice of appeal when the defendant is represented by counsel. *See* SCRA 7–703; *see* (Repl.Pamp.1992); SCRA 1986, 9–607 (Cum.Supp.1992) We conclude that, because Defendant's intent to appeal was evident, it became the obligation of his counsel to protect this right. *See Evitts*, 469 U.S. at 392, 105 S.Ct. at 833; *Peralta v. State*, 111 N.M. 667, 668, 808 P.2d 637, 638 (1991) (until a public defender withdraws from a case, he or she has an obligation to protect the interests of his or her client); *cf. Olguin v. County of Bernalillo*, 109 N.M. 13, 780 P.2d 1160 (Ct.App.1989) (party did not open his mail from former counsel informing him that the opposing party had filed a notice of appeal and counsel was withdrawing from the case; cross-appeal dismissed for failure to file a timely notice).

■ We determine that counsel had an obligation to file a timely notice of appeal in order to preserve his client's right to appeal. *See generally Marquez v. Gomez*, 111 N.M. 14, 15, 801 P.2d 84, 85 (1990) (appeals filed within the time limits shall not be dismissed for technical violations that do not affect the substantive rights of the parties). Therefore, we find that Defendant was denied effective assistance of counsel by counsel's failing to file a timely notice of appeal in district court when counsel was aware of Defendant's intent to appeal the metropolitan court judgment and sentence. We also find Defendant was

prejudiced by this failure by having his appeal dismissed in district court. *See generally Lozada v. Deeds,* 498 U.S. 430, 432, 111 S.Ct. 860, 862, 112 L.Ed.2d 956 (1991) (per curiam); *Abels v. Kaiser,* 913 F.2d 821, 823 (10th Cir.1990) (prejudice from denial of appeal is presumed). In making this determination, we note that Defendant's counsel had only recently been employed with the public defender and had a caseload of approximately fifty cases per week. We also note that the public defender has since instituted new procedures to ensure that appeals are timely filed.

We reverse the district court's order of dismissal and remand to reinstate Defendant's appeal on the district court docket.

**IT IS SO ORDERED.**

MINZNER, C.J., and DONNELLY, J., concur.