2007-NMCA-039

155 P.3d 784

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Beate EGER, Defendant–Appellant.**

**No. 26,992.**

Court of Appeals of New Mexico.

Feb. 15, 2007.

Gary K. King, Attorney General, Santa Fe, NM, M. Anne Kelly, Assistant Attorney General, Albuquerque, NM, for Appellee.

John Bigelow, Chief Public Defender, Nancy Hewitt, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

## OPINION

KENNEDY, Judge.

{1} Defendant appeals from the district court's dismissal of his appeal and remand to magistrate court for sentencing based on an untimely appeal to district court. The notice of proposed summary disposition proposed to reverse on the basis that Defendant reserved his right to appeal to district court by his conditional plea and is not deprived of his right to appeal by virtue of counsel's ineffectiveness in failing to timely appeal. The State responded with a timely memorandum in opposition.

{2} Although this case is assigned to the summary calendar and additional briefing is not necessary, we issue a formal opinion to emphasize that we accord the same regard to a defendant's right to appeal from magistrate court to district court as we do to a defendant's right to appeal from district court to

this Court. For this reason, we hold that defense counsel's failure to timely appeal Defendant's magistrate court conditional plea agreement to district court, as would be a failure to timely appeal a district court conditional plea agreement to this Court, was presumptively ineffective assistance of counsel and that dismissal was therefore improper. For this reason we reverse and remand with instructions that the district court consider the merits of Defendant's appeal.

## FACTS

{3} Defendant pled guilty in magistrate court for aggravated DWI (first offense). Defendant's plea was pursuant to a conditional plea and disposition agreement with the provision that Defendant "specifically reserves the right to appeal the issue of the six-month rule violation." Pursuant to the plea, the magistrate court judgment and sentence was entered on February 28, 2006. Defendant filed an untimely notice of appeal to district court on March 27, 2006. *See* Rule 6–703(A) NMRA (providing that "[t]he notice of appeal shall be filed in the district court within fifteen (15) days after the judgment or final order appealed from is filed in the magistrate court"). In response to the State's motion to dismiss, the district court ruled that Defendant's appeal was not timely filed, that defense counsel was ineffective for failing to file a timely notice of appeal, and dismissed Defendant's appeal and remanded to magistrate court for sentencing.

## DISCUSSION

{4} Ordinarily, a voluntary no-contest plea waives a defendant's right to appeal on non-jurisdictional grounds. *See State v. Hodge*, 118 N.M. 410, 414, 882 P.2d 1, 5 (1994). However, a defendant may enter into a conditional plea to reserve pre-trial issues for appellate appeal. *Id.* at 412, 882 P.2d at 3 (stating that "a conditional plea agreement is an agreement between the prosecutor and the defendant in a criminal case, under which, subject to the trial court's approval, the defendant agrees to plead guilty to the offense charged but reserves one or more specific issues for appellate review following conviction"). Because the present Defendant entered into a conditional plea, we hold that he reserved his right to

appeal to the district court. *See State v. Celusniak*, 2004–NMCA–070, ¶ 7, 135 N.M. 728, 93 P.3d 10 (recognizing conditional pleas in magistrate court).

{5} Despite entry of the conditional plea, however, defense counsel failed to timely appeal, filing the notice of appeal outside the fifteen-day time frame as required by Rule 6–703(A). As recognized by the district court, counsel's failure to timely appeal to the district court from the conditional plea agreement constituted ineffective assistance of counsel. In such instance, case law provides that the district court nonetheless must consider the merits of Defendant's appeal. *See State v. Duran*, 105 N.M. 231, 232, 731 P.2d 374, 375 (Ct.App.1986) (holding that in criminal cases, "there is a conclusive presumption of ineffective assistance of counsel where notice of appeal or affidavit of waiver are not filed within the time limit required" and that the defendant's right to an appeal must not be denied because of ineffective assistance of counsel); *see also State v. Manuelito*, 115 N.M. 394, 395–96, 851 P.2d 516, 517–18 (Ct. App.1993) (holding that the defendant was denied effective assistance of counsel by counsel's failure to file a timely notice of appeal in district court when counsel was aware of the defendant's intent to appeal the metropolitan court judgment and sentence, and accordingly reversing the district court's order of dismissal and remanding for reinstatement of the defendant's appeal). Unlike the circumstances addressed in *State v. Peppers*, 110 N.M. 393, 399, 796 P.2d 614, 620 (Ct.App.1990) (declining to extend the conclusive presumption of ineffectiveness of counsel to include appeals from pleas of guilty or no contest), the present Defendant specifically reserved his right to appeal in his conditional plea, thereby clearly expressing his intent to appeal. In such instance, we hold that the *Duran* presumption of ineffectiveness of counsel extends to Defendant's right to appeal his magistrate court conditional plea agreement to district court.

## CONCLUSION

{6} Based on the foregoing discussion, we reverse and remand with instructions that

the district court consider the merits of Defendant's appeal.

{7} IT IS SO ORDERED.

WE CONCUR: JONATHAN B. SUTIN, Chief Judge and A. JOSEPH ALARID, Judge.