**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                          **NO. 29,240**

**DALE RAY DIXON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**James W. Counts, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellant

Hugh W. Dangler, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Defendant seeks to appeal the district court's judgment and sentence, entered pursuant to a plea of no contest, convicting him for escape from jail, battery upon a police officer, two counts of resisting, evading or obstructing an officer, escape from the custody of a peace officer, and criminal damage to property, and enhancing

Defendant's sentence with prior felony convictions, for a total sentence of twenty years, six months, less one day imprisonment. We issued a notice of proposed summary disposition, proposing to summarily dismiss for filing the notice of appeal in the improper tribunal from convictions based on an unconditional plea of no contest, and alternatively proposing to affirm for the failure to reserve the issue in the plea agreement. Defendant has responded to our notice with a memorandum in opposition. We have considered Defendant's arguments, and we are not persuaded to extend the presumption of the ineffective assistance of counsel to Defendant's failure to file a notice of appeal in the proper tribunal. We dismiss.

To properly invoke this Court's jurisdiction, a party must comply with the appellate rules governing the time and place in which to file the notice of appeal. *See Govich v. North Am. Sys., Inc.*, 112 N.M. 226, 230, 814 P.2d 94, 98 (1991); *see also Trujillo v. Serrano*, 1994-NMSC-024, 117 N.M. 273, 277-78, 871 P.2d 369, 373-74 (establishing that the timely filing of a notice of appeal is a mandatory precondition to our exercise of jurisdiction to hear an appeal). The Supreme Court has established that our jurisdiction is not properly exercised where the appellant did not properly file a notice of appeal with the clerk of the district court within thirty days of the final order as provided by Rules 12-202(A) NMRA & 12-201(A)(2) NMRA. *See Lowe v. Bloom*, 110 N.M. 555, 555, 798 P.2d 156, 156 (1990).

In the present case, Defendant seeks to appeal the district court's judgment and sentence, which was entered on December 19, 2008, pursuant to a plea of no contest. [RP 45-49, 95-98] Defendant filed a notice of appeal in this Court on Tuesday, January 20, 2009, the day after the Martin Luther King, Jr., holiday. [Ct. App. file] There is no indication that Defendant has filed a notice of appeal in district court, contrary to his obligation under Rule 12-202(A) ("An appeal permitted by law as of right from the district court shall be taken by filing a notice of appeal with the district court clerk within the time allowed by Rule 12-201 NMRA.").

We routinely excuse the untimely and improper filing of a notice of appeal in criminal appeals we receive from represented criminal defendants, by presuming the ineffective assistance of counsel. *See State v. Duran*, 105 N.M. 231, 232, 731 P.2d 374, 375 (Ct. App. 1986); *see also State v. Upchurch*, 2006-NMCA-076, ¶ 4, 139 N.M. 739, 137 P.3d 679 ("We do . . . routinely excuse untimely appeals of represented criminal defendants and parents whose parental rights have been terminated, presuming the ineffective assistance of counsel."). We do not, however, extend the *Duran* presumption to appeals from guilty or no contest pleas. *See State v. Peppers*, 110 N.M. 393, 399, 796 P.2d 614, 620 (Ct. App. 1990). We may overlook the jurisdictional error under *Peppers* where unusual circumstances warrant it. *See id.* In *Peppers*, we overlooked the untimely appeal from a no contest plea because it

3

appeared that the defendant was without counsel during the critical time for asserting his appellate rights from the judgment and the denial of his motion to withdraw the plea. *Id.* We have also presumed the ineffective assistance of counsel where a defendant entered into a conditional plea agreement, reserving the right to appeal his DWI conviction in magistrate court, and filed an untimely appeal in district court. *See State v. Eger*, 2007-NMCA-039, ¶ 5, 141 N.M. 379 , 155 P.3d 784. In *Eger*, we reasoned that the defendant "clearly express[ed] his intent to appeal," by reserving his right to appeal in the conditional plea agreement, and that therefore the *Duran* presumption applies.

In his response to our notice, Defendant argues that his case is more similar to a reservation in the plea agreement of the right to appeal in *Eger*, because, in the present case, the district court judge, Judge Counts, informed defense counsel that Defendant could challenge his denial of the motion to recuse again, in the event the State filed a supplemental criminal information to enhance Defendant's sentence as an habitual offender. [MIO 2-4] We are not persuaded that *Eger's* express reservation of the right to appeal is analogous to the circumstances of this case.

Even assuming Judge Counts expressed a willingness to recuse himself at the habitual offender hearing, Defendant was aware of this fact the day before he entered the plea agreement, when Judge Counts denied Defendant's motion to recuse. [DS 2-

3, RP 45-49] Defendant did not reserve the right to challenge the denial of the motion to recuse. [RP 45-46] In fact, in the plea agreement, Defendant agreed specifically to waive his defenses and his right to appeal the district court's entry of judgment and imposition of a sentence consistent with the agreement. [Id.] The plea agreement also included Defendant's admission of his identity as to several prior felony convictions the district court could use to enhance his sentence at the habitual offender hearing. [Id.]

Contrary to Defendant's request for relief on appeal [MIO 4], we have never held that a motion for free process and appointment of counsel and the filing of a docketing statement are sufficient to indicate an agreement and understanding of the parties, and the district court, that Defendant has reserved an issue for an appeal from an unconditional plea agreement. *See State v. Hodge*, 118 N.M. 410, 416-17, 882 P.2d 1, 7-8 (1994) (outlining the requirements for entering a conditional plea agreement so as to reserve an issue for appellate review). As a result, Defendant has not clearly expressed his intent to appeal the district court's refusal to recuse and enhancement of his sentence based on the prior felony convictions, which could justify extending the *Duran* presumption of the ineffective assistance of counsel in perfecting Defendant's appeal. In addition, there is no indication that Defendant has ever sought to withdraw his plea for Judge Counts's refusal to recuse. For these

reasons, Defendant has not satisfied his burden to demonstrate why we should overlook the jurisdictional defect and presume the ineffective assistance of counsel, as we did in *Peppers*.

Without presuming the ineffective assistance of counsel, we treat Defendant's appeal as we would any other untimely and improper appeal, and note that only in exceptional circumstances beyond the control of the parties will we entertain an untimely appeal. *See In re Estate of Newalla*, 114 N.M. 290, 296, 837 P.2d 1373, 1379 (Ct. App. 1992) (stating that "[o]ne such exceptional circumstance might be reasonable reliance on a precedent indicating that the order not timely appealed was not a final, appealable order); *see also Trujillo*, 117 N.M. at 278, 871 P.2d at 374 (holding that exceptional circumstances are those beyond the control of the parties, such as delay caused by judicial error). Ignorance of the procedural rules is not an unusual circumstance. Without any indication that this case presents unusual or exceptional circumstances that would justify deviation from our mandatory procedural rules, such as trial error resulting in a lack of representation during the crucial time for appealing, *see Peppers*, 110 N.M. at 399, 796 P.2d at 620, we hold that Defendant failed to properly and timely file a notice of appeal in district court. For the reasons stated above and in our notice, we dismiss.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**MICHAEL E. VIGIL, Judge**

_____
**LINDA M. VANZI, Judge**