This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CITY OF RIO RANCHO,**

Plaintiff-Appellee,

v.                                                                                  **No. 30,365**

**MICHAEL WORLEY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**John F. Davis, District Judge**

City of Rio Rancho
James C. Babin, City Attorney
Gina R. Mandredi, Assistant City Attorney
Rio Rancho, NM

for Appellee

Bowles and Crow
Monnica Garcia
Jason Bowles
B.J. Crow
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Defendant appeals from the district court's dismissal of his appeal from municipal court to district court, arguing that the district court erred by failing to apply the conclusive presumption of ineffective assistance of counsel established in *State v. Duran*, 105 N.M. 231, 731 P.2d 374 (Ct. App. 1986). This Court issued a calendar notice proposing to reverse the district court's order dismissing Defendant's appeal. Defendant has filed a memorandum in support of this Court's proposed disposition, and the City of Rio Rancho has filed a memorandum in opposition. Having considered the arguments of both parties, we reverse.

In this Court's calendar notice, we proposed to conclude that *State v. Eger*, 2007-NMCA-039, ¶ 2, 141 N.M. 379, 155 P.3d 784, required the district court to apply a presumption of ineffective assistance of counsel to defense counsel's untimely filing of Defendant's notice of appeal. We noted that the deadline for filing Defendant's notice of appeal under Rule 8-703(A) NMRA was August 19, 2009, but that counsel did not file the notice until August 21, 2009. [CN 2] We further noted that in *Duran*, 105 N.M. at 231-32, 731 P.2d at 374-75, this Court adopted a conclusive presumption of ineffective assistance of counsel where a late notice of appeal is filed. [CN 3] Further, we noted that in *Eger*, 2007-NMCA-039, ¶ 2, this Court extended the conclusive presumption of ineffective assistance of counsel to de

novo appeals from magistrate court to district court. [Id.] We proposed to conclude that there was no basis for distinguishing the present case from *Eger*, and we proposed to reverse the district court for its failure to apply the conclusive presumption. [CN 3-4]

In its memorandum in opposition to our proposed disposition, the City urges this Court to disregard *Duran* and *Eger* in favor of a technical application of the rules. [MIO 2-3] The City contends that if this Court expects a pro se litigant to know and follow all the rules and procedures of the court, that a litigant with counsel should not be treated differently. [MIO 3] The City's argument fails to take into account this Court's reasoning in *Duran* that "criminal defendants are not to be deprived of an appeal as of right where a procedural defect results from ineffective assistance of counsel." *Duran*, 105 N.M. at 232, 731 P.2d at 375 (citing *Evitts v. Lucey*, 469 U.S. 387 (1985)). We are unpersuaded by the City's argument and decline to overrule our precedent by ruling as the City requests.

For the reasons stated in this opinion and in this Court's proposed disposition, we reverse the district court's order dismissing Defendant's appeal for lack of jurisdiction and remand to the district court for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**


_____
**CELIA FOY CASTILLO, Judge**


_____
**LINDA M. VANZI, Judge**