## Robbins *v.* Collier.

Filed January 29, 1885.

Equity—Cause Decided in Common-Law Court.
    A court of equity will not consider a cause pending between parties who, upon a matter substantially the same, have already had their controversy adjudicated in a court of law.

Error to First district, San Miguel county.

*William Breeden* and *Catron, Thornton & Clancy*, for plaintiff in error.

*D. P. Shield, J. H. Koogler*, and *W. B. Childers*, for defendant in error.

Wilson, J.    Joseph B. Collier, the defendant in error, filed his bill in equity against Augustus O. Robbins, plaintiff in error, alleging that "he and Collier, on or about the first day of February, 1879, agreed to become partners in the business of making, buying, and selling furniture and such other goods as are usually made, bought, and sold in a wholesale and retail furniture store, including the making, buying, and selling coffins, caskets, metallic cases, and general undertaking business, to be carried on at Las Vegas, New Mexico, and such other places in said territory as might thereafter be agreed upon." He further alleged that the said defendant had possession of all the assets of the firm, and that a large sum was due him as such partner, and alleging, also, in said bill, that in the month of February, 1880, the said Robbins, by false and fraudulent representations, with intent to cheat, swindle, and defraud, procured or induced him, the said Collier, to sign a bill of sale of all his interest in the said goods and partnership effects to said Robbins, with a prayer that an account might be taken and the partnership dissolved, etc.    The said Robbins filed an answer to said bill, under oath, denying the existence of said partnership, and denying that any indebtedness existed, and also denying that the complainant had any interest in, or that there was due to him any sum whatsoever from, the assets or business referred to in said bill, and alleging that Collier had merely been hired by him as salesman, etc., and for which services he had received all he was entitled to, and had gone out of the business after selling and transferring to Robbins all right, share, and interest which he ever had, or might have had, in said assets and business, and that the consideration for such transfer had been fully paid; and further, that in a suit at law brought against him by said Collier, in the same court, upon the same subject-matter, and upon the same demand, a verdict and judgment had been rendered in favor of him, the said Robbins.    A master was appointed, who reported in favor of the complainant for the sum of $1,826.75, which report was affirmed by the court, and upon a writ of error the case was brought into this court for review.

The errors assigned were: (1) That the plaintiff below transferred and assigned all the interest and rights, on account of which he sought

to recover, to· defeat, delay, and defraud his creditors, and to cover his property from them, to avoid the payment of his debts, and that the transfer was voluntary and fraudulent. (2) That the same subject-matter and demand upon which the bill of complaint was filed and relief sought, had been tried in a suit at law between these parties, and a verdict and judgment thereon in said suit rendered in favor of Robbins, and that a judgment in a suit at law, rendered by a court of competent jurisdiction, upon the same demand for which this suit is brought, was a complete bar to this suit.

It is denied by the defendant in error that the cause of action was the same in the two suits; but an examination of the bill and declaration in the suit at law demonstrates, we think, clearly, that the cause of action is substantially and materially the same in each. In the action at law the defendant in error alleged that there had been a partnership settlement between them, and that there was a balance due him from the defendant of $3,000 "for goods, cash, and merchandise." And to sustain this charge in his declaration filed in the suit at law, Joseph B. Collier, the defendant in error, testified as follows:

"*Question.* Tell the jury all you know, if anything, in reference to the indebtedness to you. Give all the facts and circumstances in the case. *Answer.* We run a partnership business for about a year. That was closed by my selling out to him, and we were to invoice everything in the partnership; and as soon as we could find out what was really due me, he was to pay me whatever he found due from the invoices of the goods of the two places, our accounts, and everything."

In the equity suit under consideration he alleges the transfer of the goods and partnership effects was obtained by Robbins through false representations. The facts stated in the bill and declaration are substantially the same, and the evidence given in each to sustain the allegations in each is substantially alike. The cause of action set forth in each is for the same alleged partnership transactions and effects. Yet the counsel for defendant in error insist that the cause of action is not the same in the two cases. The action at law was not dismissed for want of jurisdiction, nor for the reason that there was not sufficient remedy at law. It was tried on its merits, and a verdict and judgment rendered against the complainant herein. Can it be supposed that if the defendant in error had recovered his claim in his action at law between the same parties, that he would be here now, asking a dissolution of the partnership, and praying "that an account may be taken, under the directions of this honorable court, of all and every, the copartnership dealings and transactions?" A quotation from the declaration of the action at law between the same parties will show the absurdity of such an attempt: "And also the further sum of $3,000, the balance due plaintiff from defendant for goods, cash, and merchandise on a partnership settlement between plaintiff and defendant."

We think the quotations given demonstrate that the plaintiff could not recover his claim in each case, for the reason apparent on the record of both cases, that they are for one and the same cause of action. Hence a defeat in the first action is as much and as successful a bar to a recovery in the present suit as if he had recovered his whole claim in his action at law. This view of the case relieves the court from the necessity of noticing any other assignment of error in the case. It was settled in the case of *U. S. Bank* v. *Beverly*, 1 How. 134, that a matter decided by court of competent jurisdiction cannot be contested again between the same parties; and there is no difference in this respect between a verdict and judgment at common law, and a decree of a court of equity. This doctrine is too well recognized to require the citation of authorities to sustain it. The second assignment of error is therefore sustained, and it is ordered, adjudged, and decreed that the decree and judgment of the court below be reversed, and the bill dismissed, at the cost of Joseph B. Collier, defendant in error. BELL, J., concurs.