731 P.2d 374
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Yolanda DURAN, Defendant-Appellant.**

**No. 9509.**

Court of Appeals of New Mexico.

Dec. 11, 1986.

Paul G. Bardacke, Atty. Gen., Patricia Frieder, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Deborah A. Moll, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

**OPINION**

ALARID, Judge.

Defendant appeals from her conviction on two counts of trafficking in controlled substances and conspiracy. Defendant's notice of appeal was filed more than a year late and, upon filing her notice of appeal, defendant alleges that the failure to timely

file notice of appeal was the result of ineffective assistance of counsel. We hold that there is a conclusive presumption of ineffective assistance of counsel where notice of appeal or affidavit of waiver are not filed within the time limit required. We therefore reach the merits of defendant's appeal and, on those merits, we affirm the conviction.

## LATE FILING OF NOTICE OF APPEAL

Judgment and sentence in this matter were entered May 24, 1985. Defendant did not file her notice of appeal until September 3, 1986. With that notice of appeal, defendant filed her motion to accept notice of appeal as timely and an affidavit charging that failure to file timely notice of appeal in this case was the result of ineffective assistance of counsel.

This court is mindful of the holding of the United States Supreme Court in *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), to the effect that criminal defendants are not to be deprived of an appeal as of right where a procedural defect results from ineffective assistance of counsel on appeal. Consequently, in the second calendaring notice in this case, we proposed the adoption of a standard rule regarding the filing of late notices of appeal where ineffective assistance of counsel is alleged as the cause for the lateness. This court's proposal was that a conclusive presumption of ineffective assistance be adopted where defense counsel fails to timely file either a notice of appeal or an affidavit of waiver of appeal required by NMSA 1978, Crim.P.Rule 54(b) (Repl.1985). The state was invited to respond to this court's proposal.

The state responded with a memorandum in opposition to the second calendaring notice. In that memorandum, the state asked this court to consider the establishment of a rebuttable, rather than a conclusive, presumption of ineffective assistance under the circumstances stated. The state points out that there are conceivable instances where failure to file either notice of appeal or waiver of appeal may be the result of causes other than the attorney's failure to perform his duties. Only one example strikes us as having any merit, and that is where the defendant refuses to sign an affidavit of waiver after electing not to appeal. Arguably, in that instance, trial counsel is without recourse to file any documentation in the district court as contemplated by Crim.P.Rule 54(b). Common sense and the principles of good practice would suggest, however, that where a criminal defendant advises his attorney that he does not wish to appeal a conviction but refuses to sign an affidavit of waiver, trial counsel may file his own affidavit in the district court stating that he has advised his client of his right to appeal and that the client has neither authorized an appeal nor signed an affidavit of waiver. Crim.P.Rule 54(b). This would be deemed compliance with the requisites of the rule. Defense counsel would thereby not be faced with a "Hobson's choice" of filing a frivolous appeal or facing the consequences of being labeled as "ineffective." However, an attorney who fails to do anything within the time allowed for appeal can be said to have neglected his duty and a conclusive presumption of ineffective assistance arises.

The state asserts that our proposal will result in the possibility of our hearing appeals of defendants who may not be entitled to a late appeal as a factual matter. The state suggests applying a rebuttable instead of a conclusive presumption and an outside time limit even on that. According to the state, the person who would rebut the presumption would be trial counsel for defendant. We note that Disciplinary Rule 1.6, adopted by the supreme court on June 26, 1986, effective January 1, 1987, would permit, but not require, lawyers to reveal this information. Thus, similarly situated defendants may be treated differently, depending on their lawyers' view of what action lawyers should take when faced with the choice of allowing their clients an appeal at the expense of being deemed ineffective or depriving their clients of an appeal while saving face. We further note that, in the vast majority of our unpublished cases in which defendants sought

late appeals, late appeals were granted because there was no hint of any reason for delay other than attorney neglect. Additionally, there have been cases reinstated on our docket by the federal courts or by our supreme court because defendants have, in factual hearings held years after the appeal should have been taken, established their entitlement to delayed appeals. These cases sometimes take years to reach us.

 We are primarily interested in the finality of criminal adjudications. Also, given the limited number of cases in which the problem is likely to arise, we do not consider it a burden on this court to hear the appeals, or a burden on some defense counsel to be deemed ineffective on this one small issue. Therefore, in the interest of finality and because of the insignificance of the countervailing burdens, we adopt the rule announced. We deem defendant's failure to timely appeal resulted from ineffective assistance of counsel and therefore entertain this appeal.

## INEFFECTIVE ASSISTANCE AT TRIAL

We now reach the merits of defendant's appeal. Defendant's sole issue is that she was deprived of effective assistance of counsel when her attorney allegedly refused to permit her to testify on her own behalf at trial. In our third calendaring notice, this court proposed to affirm defendant's conviction because there is nothing in the record to support defendant's contention that her attorney refused to let her testify. In that calendaring notice, it was suggested that defendant's proper remedy, given her allegations, is to seek post-conviction relief so that a hearing may be held to establish an evidentiary basis for her issue on appeal.

Defendant responded with a memorandum in opposition to the disposition proposed. In her memorandum in opposition, defendant argues that the mere fact that she did not take the stand should have alerted the trial court to inquire as to whether she was knowingly and voluntarily waiving her right to testify. In the absence of such an inquiry by the court, defendant argues she should not be held accountable for failing to object and to make a record of her wish to take the stand.

 Defendant's argument is unpersuasive. We are unwilling to impose on trial courts the burden of inquiring, each and every time a criminal defendant fails to testify on his own behalf, whether the defendant is waiving the right to testify. Given the extreme frequency with which defendants exercise their fifth amendment rights, such a rule would be unduly burdensome on trial courts. It is defendant's burden, where ineffective assistance of counsel is alleged, to prove that defendant's attorney failed to perform to the standard of a reasonably competent defense attorney, *State v. Orona*, 97 N.M. 232, 638 P.2d 1077 (1982), *and* that the defect in performance resulted in prejudice to the defendant. *State v. McGuinty*, 97 N.M. 360, 639 P.2d 1214 (Ct.App.1982). The trial must be shown to be unreliable and, as a result thereof, of having reached an unjust result. *State v. Talley*, 103 N.M. 33, 702 P.2d 353 (Ct.App.1985). These rules remain unchanged. In the absence of a record, we will not review defendant's claim of error. *State v. Romero*, 87 N.M. 279, 532 P.2d 208 (Ct.App.1975).

## CONCLUSION

Accordingly, we hold that failure to file a timely notice of appeal or an affidavit of waiver constitutes ineffective assistance of counsel *per se*, and the presumption thereof is conclusive. We therefore consider this appeal timely, despite the late filing in violation of the rules of criminal procedure and the rules of appellate procedure governing such cases. We affirm the judgment and sentence of the trial court on the merits of this appeal as there is no record to support defendant's allegations. Affirmed.

IT IS SO ORDERED.

BIVINS and GARCIA, JJ., concur.