**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**CITY OF CARLSBAD,**

Plaintiff-Appellee,

**v.**                                                                                         No.  29,154

**CASEY D. TANNER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Richard J. Brown, District Judge**

Eileen Riordan, City Attorney
Carlsbad, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Defendant Casey D. Tanner (Defendant) appeals from his conviction in district court for violating the City of Carlsbad's (Plaintiff) ordinance against vicious dogs. [RP 65]   Defendant challenges the sufficiency of the evidence to support his conviction. [DS 5]   Our calendar notice proposed summary affirmance. Defendant

has filed a memorandum in opposition relying on *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-5 (Ct. App. 1985).  [MIO 5]  Unpersuaded, we affirm.

**DISCUSSION**

**Late Notice of Appeal.**   Initially we note that the notice of appeal was not timely filed in this case.  The district court judgment and sentence was filed on October 1, 2008. [RP 65]  Contrary to Rule 12-201 NMRA, the notice of appeal was filed late, on December 15, 2008, more than thirty days after the judgment and sentence was filed.  [RP 67]  In addition, although the district court caption appears to indicate this is a civil appeal (CV-2007-729), this is clearly a criminal case:  the case was filed upon a criminal summons and criminal complaint in municipal court and the municipal court issued a judgment and sentence.  [RP 2, 3, 4, 8, 9] Defendant appealed the municipal court judgment and sentence to the district court, which held a trial and issued a judgment and sentence, convicting Defendant of the vicious dog crime, sentencing him to jail time, and assessing fines.  [RP 65]  Despite the late notice of appeal to this Court, we reach the merits of Defendant's appeal, pursuant to *State v. Duran*, 105 N.M. 231, 232, 731 P.2d 374, 375 (Ct. App. 1986), which states that, with regard to criminal cases, there is a conclusive presumption of ineffective

assistance of counsel where the notice of appeal is not timely filed. Accordingly, we now turn to the merits of the appeal.

**Issue on Appeal—Sufficiency of the Evidence.** "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (internal quotation marks and citation omitted).

In order to convict Defendant of violating the vicious dog ordinance, Plaintiff was required to present evidence to the satisfaction of the fact finder, here the district court judge, beyond a reasonable doubt that on or about August 24, 2007, in Carlsbad, New Mexico, Defendant allowed or permitted an animal, in this case his pit bull dog, without provocation, to bite, attack, or injure any person or animal that is peacefully conducting himself or herself where he or she lawfully may be, contrary to Plaintiff's ordinance Section 6-12. [RP 9, 10-11]

Plaintiff presented the following evidence. On or about August 24, 2007, an animal control officer (the officer) was dispatched to an address in Carlsbad for a

vicious dogs call. [DS 2] The officer met with Mr. Amos who told him that two pit bull dogs had killed his cat. [Id.] Mr. Amos apparently testified that he had gone outside his house in response to dogs barking at about 4:45 a.m., and he saw two pit bull dogs chewing on something that turned out to be his cat. [Id.] After chasing the dogs away and disposing of the dead cat, Mr. Amos drove around the alley on his way to work that morning to see if he could see the dogs. [Id.] Mr. Amos apparently testified that he was concerned about children, who would be getting ready to go to school and the presence of aggressive, loose pit bull dogs. [RP 10] Mr. Amos saw the dogs in front of an address and went to the police department to make a report. [DS 2-3; RP 10] When the officer arrived to investigate, he could not locate the dogs' owner(s); the dogs acted aggressively toward the officer. [RP 10, DS 3] With the help of a woman who lived at the address, the officer took the dogs into animal control custody. [DS 3] Mr. Amos identified the dogs as being the same dogs that were running loose and that had killed his cat. [Id.] The dogs were eventually identified as belonging to Defendant (the male dog) and to Defendant's brother (the female dog). The case was tried in municipal court and, upon Defendant's appeal, was again tried in Eddy County district court. [RP 2, 3, 4, 65] Defendant was convicted in both courts of violating Plaintiff's vicious dog ordinance.

Although Defendant pled "not guilty" to the vicious dog charge, it is well-established that "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the [fact finder] is free to reject Defendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (filed 1998); *see also State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789 ("The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict.").

In his memorandum, Defendant continues to argue that viewing all of the evidence in a light most favorable to Plaintiff clearly shows that his conviction for violating the vicious dog ordinance violates due process and must be vacated. [MIO 5] We are not persuaded. First, Defendant provides no indication that he preserved a due process claim below. *See State v. Sosa*, 1997-NMSC-032, ¶ 23, 123 N.M. 564, 943 P.2d 1017 (holding that the court would not consider the defendant's due process claim because he had not preserved the issue for appeal). Second, neither the docketing statement nor the memorandum provide any facts whatsoever to support Defendant's contention that he was denied due process of law. Third, Defendant's conviction is the result of two trials, at the magistrate court and at the district court levels, and there is no indication that Defendant was denied notice of the charges, denied the opportunity to present a defense, or denied the opportunity to call and

cross-examine witnesses. Finally, in response to this Court's analysis proposing to affirm his conviction on the basis that it is supported by substantial evidence, Defendant's memorandum does not provide additional facts or legal authorities that persuade us that the analysis in the calendar notice was incorrect or inappropriate. *State v. Ibarra*, 116 N.M. 486, 489, 864 P.2d 302, 305 (Ct. App. 1993) ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law."). We hold that Plaintiff presented substantial evidence to support Defendant's conviction for violation of the vicious dog ordinance.

**CONCLUSION**

We affirm Defendant's conviction.

**IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Judge**


**WE CONCUR:**


_____
**CELIA FOY CASTILLO, Judge**



_____
**MICHAEL E. VIGIL, Judge**