IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

   Plaintiff-Appellee,

v.                                                             NO. 29,012

CHARLES CAUFFMAN,

   Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler Gray, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Navin H. Jayaram, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

   Charles Cauffman (Defendant) appeals from a judgment and sentence entered October 4, 2007 following a jury trial where he was convicted of DWI (seventh or subsequent offense); driving while license suspended or revoked; resisting, evading or obstructing an officer; and following too closely.  [RP 145-47]  We issued a

proposed notice of summary disposition proposing to affirm on March 12, 2009. Pursuant to an extension, Defendant timely filed a memorandum in opposition on May 18, 2009. We have considered Defendant's arguments on appeal but remain unpersuaded. We affirm.

Defendant argues on appeal that his convictions should be reversed due to ineffective assistance of counsel. "To establish a prima facie case of ineffective assistance of counsel, Defendant must show that (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that Defendant suffered prejudice in that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 (internal quotation and citation omitted). Prejudice must be shown before a defendant is entitled to relief based on ineffective assistance of counsel. *Duncan v. Kerby*, 115 N.M. 344, 348-49, 851 P.2d 466, 470-71 (1993).

The charges for which Defendant was convicted arose from an incident where alleged victim, Ms. Fiero, accused Defendant of rear-ending her at a stoplight. [MIO 1-2] According to Ms. Fiero, she pulled over, and Defendant continued driving. [MIO 3] Ms. Fiero followed Defendant until he pulled over and her husband, Mr. Fiero, arrived and confronted Defendant. [MIO 3] A police officer arrived at the

scene, determined that Defendant appeared to be under the influence, and arrested him. [MIO 4]

Defendant argues on appeal that he was prejudiced by trial counsel's failure to ask more questions about why there was no paint transfer from vehicle to vehicle and his failure to object to Mr. Fierro's testimony because he was not involved in the accident. [MIO 9] The former has little bearing on the elements of the offenses. The latter invlove the testimony of an on-scene witness by Defendant's own concession of fact. Whether to object to evidence is a matter of trial tactics. Failure to object does not establish ineffective assistance of counsel. *State v. Peters*, 1997-NMCA-084, ¶ 40, 123 N.M. 667, 944 P.2d 896.

Defendant also asserts that trial counsel should have objected to the length of time it took for him to be brought to trial. [MIO 9] In his memorandum in opposition, Defendant admits that his trial commenced after numerous continuances and several attorneys were assigned to his case. [MIO 4] While a criminal defendant has an undeniable right to a prompt disposition of criminal charges, where the defendant himself causes or contributes to the delay or consents to the delay, he may not complain of a denial of that right. *State v. Mascarenas*, 84 N.M. 153, 155, 500 P.2d 438, 440 (Ct. App. 1972).

Defendant also argues that trial counsel failed to seek a plea bargain when

requested to do so by Defendant. [MIO 6] The record shows a request for a jury trial signed by Defendant; [RP 19] a waiver of the preliminary examination; [RP 33] a demand for speedy trial; [RP 46] an arraignment and plea proceeding where Defendant entered a plea of not guilty; [RP 48] a bench warrant issued for Defendant's failure to appear at the pretrial conference; [RP 56] and a letter from a psychologist stating that Defendant is competent to consult with his attorney and participate meaningfully in his own defense. [RP 68] These documents indicate that Defendant had ample time to make his wishes to plead guilty known to the judge and did not do so. There is no indication on the record that Defendant wanted to plead guilty but that his attorneys refused to allow him to do so. Further, there is no showing or allegation that Defendant was prejudiced by not pleading guilty to the charges for which he was convicted.

Finally, Defendant contends that trial counsel failed to file an appeal on his behalf. [MIO 6] While failure to pursue an appeal in a timely fashion constitutes per se ineffective assistance of counsel, the only form of relief that is afforded in such cases is to allow untimely appeals to proceed on their merits. *See State v. Duran*, 105 N.M. 231, 233, 731 P.2d 374, 376 (Ct. App. 1986), (holding that "failure to file a timely notice of appeal . . . constitutes ineffective assistance of counsel *per se*"). To that end, we have fully considered Defendant's arguments on appeal. No additional

relief is available.

In his memorandum in opposition, Defendant retracts the argument presented in his docketing statement that trial counsel should have called his physician to the stand to testify that he was under the influence of methadone at the time of the accident. [MIO 5-6] Defendant now contends he did not want his physician to be called and that he has never taken methadone. [MIO 6] We therefore do not revisit the issue of whether trial counsel erred by failing to call Defendant's physician during trial.

For the foregoing reasons, and those contained in the proposed notice of summary disposition, we affirm Defendant's convictions and sentence.

**IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____

**JAMES J. WECHSLER, Judge**

_____

**ROBERT E. ROBLES, Judge**