This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                          **NO. 30,118**

**ALBERTO ROBLES,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Robert E. Tangora, L.L.C.
Robert E. Tangora
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

Defendant appeals from his convictions for attempted murder, multiple counts of kidnaping, multiple counts of aggravated assault, multiple counts of aggravated battery, and two counts of child abuse. In this Court's notice of proposed summary

disposition, we proposed to affirm. Defendant has filed a memorandum in opposition, pursuant to several extensions of time. We have considered Defendant's arguments, and as we are not persuaded by them, we now affirm.

**The Right to a Fair and Impartial Jury**

Defendant contends that he was deprived of his right to a fair and impartial jury. [DS unnumbered page 5] Such claims of error must be preserved with specificity in the district court in order to be reviewed on appeal. *See State v. Riley*, 2010-NMSC-005, ¶¶ 24-25, 147 N.M. 557, 226 P.3d 656. In our notice of proposed summary disposition, we proposed not to address this issue because it did not appear that Defendant preserved it. We stated that, to the degree that Defendant relied on information discovered during his trial that certain jurors knew either the victim or a family member of the victim, Defendant failed to explain what legal arguments he made to the district court or what relief he sought from the district court as a consequence of the discovery. To the degree that Defendant's argument was based on information he learned after trial about what certain jurors may have overheard or may have discussed during trial, Defendant did not assert that he ever sought to bring this information to the attention of the district court through a post-trial motion or other means. Because there was no evidence that Defendant's argument regarding any deprivation of a right to a fair and impartial jury was preserved, we proposed to find no error on this basis.

In Defendant's memorandum in opposition, Defendant asserts that trial counsel's failure to explain in the docketing statement how the issue was preserved

constitutes ineffective assistance of counsel that warrants either reversal on appeal or assignment to the general calendar. [MIO 2-4] Defendant cites *State v. Duran*, 105 N.M. 231, 232, 731 P.2d 374, 375 (Ct. App. 1986), for the proposition that this Court will presume ineffective assistance of counsel when counsel does not timely file a notice of appeal. [MIO 3-4] Defendant also cites two cases from other states that stand for the same proposition. [MIO 4] Because we apply New Mexico law and because these out-of-jurisdiction cases are in accordance with New Mexico precedent, we apply *Duran*, and will not discuss the out-of-jurisdiction cases separately.

In *Duran*, this Court held that when counsel fails to timely file a notice of appeal from a conviction in a jury trial, this Court will apply a presumption of ineffective assistance of counsel and hear the appeal. *Id.* Our rationale was based on the principle that "criminal defendants are not to be deprived of an appeal as of right where a procedural defect results from ineffective assistance of counsel on appeal." *Id.* First, we note that based on *Duran*, the remedy for ineffective assistance of counsel in perfecting an appeal is not reversal of the defendant's convictions, but allowing the appeal to go forward. Therefore, *Duran* does not support Defendant's argument that reversal is warranted. Second, here, unlike in *Duran*, Defendant has not been deprived of his right to appeal. We have heard Defendant's appeal; we have simply determined that Defendant has failed to demonstrate that his claim of error has merit or warrants reversal. To the degree that trial counsel has been ineffective in his presentation of Defendant's claim to this Court and counsel's ineffectiveness has

prejudiced Defendant, Defendant may raise that argument in any collateral proceeding he wishes to bring.

Defendant also asks that the case be assigned to the general calendar due to trial counsel's ineffectiveness in drafting his legal argument in the docketing statement. We decline to do so, as assigning a case to the general calendar when a docketing statement fails to include facts necessary to demonstrate error would tend to encourage attorneys who are filing a docketing statement to shirk their duties and then let the issues be sorted out by appellate counsel on the general calendar. This would subvert the purpose of the summary calendar, which is to efficiently resolve those cases in which the relevant facts are undisputed by the parties and the legal issues can be decided under existing New Mexico precedent. To the degree that Defendant asserts that appellate counsel was unable to develop Defendant's arguments on appeal because the docketing statement did not include all the necessary facts, we note that Defendant could have sought access to the transcripts in order to determine what facts were presented and what issues preserved. *See State v. Ibarra*, 116 N.M. 486, 488, 864 P.2d 302, 304 (Ct. App. 1993). Accordingly, we decline to assign this case to the general calendar based on Defendant's claim of ineffective assistance of counsel in presenting his legal arguments in the docketing statement.

**Speedy Trial**

Defendant asserts that he was "deprived of . . . a fair trial due to the failure of the state to bring him to trial in a manner dictated by the constitution." [DS unnumbered page 5] Based on other information in the docketing statement, we understand this issue to raise a claim that Defendant was deprived of his right to a speedy trial. In our notice of proposed summary disposition, we proposed to find no speedy trial violation. In Defendant's memorandum in opposition, he continues to argue in support of reversal on this basis, pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985). [MIO 4-6]

We apply a four-part balancing test for evaluating speedy trial claims. *See State v. Garza*, 2009-NMSC-038, ¶ 13, 146 N.M. 499, 212 P.3d 387. These four factors are the length of delay, the reasons for delay, the defendant's assertion of his right, and the prejudice to the defendant. *Id.* "In considering each of these factors, we defer to the [district] court's factual findings but review de novo the question of whether [the d]efendant's constitutional right was violated." *State v. O'Neal*, 2009-NMCA-020, ¶ 14, 145 N.M. 604, 203 P.3d 135 (filed 2008) (internal quotation marks and citation omitted).

Defendant was arrested and indicted on November 23, 2005, and he filed his motion to dismiss on December 27, 2007. [RP 32, 157] Therefore the length of the delay at the time of the motion was just over twenty-four months. *See State v. Maddox*, 2008-NMSC-062, ¶ 10, 145 N.M. 242, 195 P.3d 1254 (indicating that the

right to a speedy trial attaches "when the defendant becomes an accused, that is, by a filing of a formal indictment or information or arrest and holding to answer" (internal quotation marks and citation omitted)).

We examine the complexity of the case in order to determine whether a delay triggers the presumption of prejudice. *Garza*, 2009-NMSC-038, ¶ 23. Here, regardless of whether this case is simple, of intermediate complexity, or complex, the twenty-four-month delay triggered the presumption of prejudice, requiring an analysis of the speedy trial factors. *See id.* ¶¶ 47-48, 50 (changing the lengths of time that will be considered presumptively prejudicial and applying the change to motions to dismiss on speedy trial grounds initiated on or after August 13, 2007).

Although the length of the delay in this case was quite long, on balance, a weighing of the speedy trial factors does not indicate that Defendant's right to a speedy trial was violated. We believe this case is similar to *Maddox*. There, our Supreme Court held that the defendant's speedy trial right was not violated in spite of what it termed an "extraordinary" delay of twenty-eight months, because much of the delay was attributable to the defendant, the defendant made only a weak assertion of his right to a speedy trial, and the defendant did not produce any evidence of undue prejudice resulting from the delay. 2008-NMSC-062, ¶¶ 12, 23, 31, 35, 37. Similarly, here, much of the delay was attributable to Defendant, since he requested multiple continuances of the trial date and stipulated to some of the State's requested continuances. The trial in this case was originally set for June 5, 2006. [RP 49] The date was reset by the district court for August 7, 2006, apparently on request of a co-

6

defendant. [RP 62, 165-66] On August 2, 2006, Defendant filed a motion to continue the trial because he had not yet conducted witness interviews. [RP 70] The trial date was set for October 31, 2006. [RP 74] On October 25, 2006, the State filed a motion for a continuance because one of its witnesses was scheduled to be tried on the date of Defendant's trial. [RP 80] The State failed to obtain Defendant's position on this motion. [RP 80] The trial was reset for February 7, 2007. [RP 99] On January 30, 2007, the State filed a motion for a continuance, and Defendant stipulated to the motion. [RP 105] The trial was reset for May 8, 2007. [RP 110] On May 3, 2007, Defendant filed a motion to continue the May 8 trial. [RP 120] The trial was reset for August 15, 2007. [RP 126] On August 7, 2007, the State filed a motion to continue, noting that Defendant did not oppose the motion. [RP 143] The trial was reset for January 8, 2008, and then, in an amended notice of hearing, for February 4, 2008. [RP 146, 156] On December 27, 2007, Defendant filed his motion to dismiss on speedy trial grounds. [RP 157] On the same date, he filed a motion to continue, asserting that he had not yet completed witness interviews. [RP 161] Although some of the delay in this case weighs against the State, much of it weighs against Defendant, since it was he who sought or stipulated to continuances. To the degree that Defendant blames the State for failing to make its witnesses available for interviews, it appears that the district court could have credited the State's factual representations that the difficulties in scheduling interviews were in part caused by Defendant. [RP 169-70] Furthermore, if Defendant had wanted to set up interviews, we do not see why he did not avail himself of the procedures outlined by Rule 5-503(A) NMRA, which permit

7

a party to obtain a statement from any person other than a defendant in a case by serving a notice of statement on the person, along with a subpoena. This process would not have required coordination with the State, and we do not believe that Defendant's failure to employ the means he had available to prepare for trial should be blamed on the State.

We also note that Defendant's assertion of his right to a speedy trial was quite weak. Defendant apparently never even filed a pro forma motion for a speedy trial and therefore asserted his right for the first time in his motion to dismiss. Furthermore, at the same time he filed his motion to dismiss on speedy trial grounds, he also filed a separate motion asserting that he was not prepared for trial. Such a belated and ambivalent assertion of the desire for a speedy trial does not weigh in Defendant's favor.

Finally, Defendant made no assertion of undue prejudice in the district court, relying solely on the presumption of prejudice. The presumption of prejudice does not establish the requisite actual prejudice needed to maintain a speedy trial claim. *See Garza*, 2009-NMSC-038, ¶ 21. Where, as here, "Defendant failed to show prejudice, and the other factors do not weigh heavily in Defendant's favor," Defendant's right to a speedy trial was not violated. *Id.* ¶ 40.

**Discovery Violations**

Defendant contends that he was deprived of his right to a fair trial due to discovery violations by the State. [DS unnumbered page 5] Defendant appears to base this claim on (1) the fact that, at trial, the State gave Defendant a statement of one

8

of the State's witnesses and the statement had not been disclosed prior to trial; and (2) the fact that the State did not set up witness interviews in the manner that Defendant wished. In our notice of proposed summary disposition, we propose not to address these issues because Defendant had not explained how he brought these claims of error to the attention of the district court, what legal arguments he made, or what relief he sought as a consequence of the State's alleged failures. In order to preserve an issue for appeal, Defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon. *See State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280.

In Defendant's memorandum in opposition, he argues that trial counsel was ineffective in his presentation of these issues on appeal, such that the case should be remanded or placed on the general calendar. This is the same argument Defendant made with respect to his first argument on appeal, and we reject it for the reasons provided earlier in this opinion.

Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**


_____

**TIMOTHY L. GARCIA, Judge**