This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JOHN CAMPBELL and**
**VIRGINIA CAMPBELL,**

      Plaintiffs/Counter-Defendants,

v.                       **NO.   31,984**

**KEVIN BRESHEARS and**
**RHEANEL BRESHEARS,**

      Defendants/Cross-Defendants
      Counter-Claimants/Appellants,

**PAUL LEGLER,**

      Defendant/Cross-Defendant,

and

**AG NEW MEXICO, FCS, PCA,**

      Defendant/Cross-Claimant
      Counter-Claimant/Counter-Defendant-Appellee

and

**AG NEW MEXICO, FCS, PCA,**

      Third-Party Plaintiff,

v.

**CURTIS BRESHEARS, MARY ELLEN BRESHEARS, his wife, and GRETCHEN LEGLER,**

Third-Party Defendants.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Drew D. Tatum, District Judge**

Sanders, Bruin, Coll & Worley, P.A.
Clarke C. Coll
Roswell, NM

for Plaintiff/Counter-Defendants

Brownstein Hyatt Farber Schreck, LLP
Harold D. Stratton, Jr.
Nury H. Yoo
Albuquerque, NM

for Defendants/Cross-Defendants/Counter-Claimants-Appellants Kevin and Rheanel Breshears

Rowley Law Firm, P.C.
Richard F. Rowley, II
Clovis, NM

for Defendants/Counter-Plaintiff and Cross-Claimants AG New Mexico, FCS, PCA

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

This Court issued a calendar notice proposing to dismiss for lack of a final order. There, we noted that "[g]enerally, an order or judgment is not final unless all

issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible." [CN 3 (citing *Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 236, 824 P.2d 1033, 1038 (1992).] We also noted that, based on our review of the record proper, it appeared the following claims remained unresolved: (1) John and Virginia Campbell's (Campbell) claims against Kevin and Rheanel Breshears (Breshears); (2) Campbell's claims against Paul Legler; (3) Ag New Mexico's cross-claim against Paul Legler; (4) Ag New Mexico's third-party claim against Gretchen Legler; and (5) Ag New Mexico's third-party claim against Curtis and Mary Breshears. [CN 5-6]

Breshears has filed a memorandum in response to this Court's notice of proposed disposition. Breshears states that (1) "[f]inal judgment has been entered on all matters between . . . Breshears and Ag New Mexico[;]" and (2) "it is . . . Breshears' understanding that the above matters have been resolved, that they are no longer being pursued, and that no further action is expected to be taken on the matters by any of the parties involved." [MIO 2] As this Court pointed out in its notice of proposed disposition, Rule 1-054(B)(2) NMRA governs when a judgment is final in an action involving multiple parties. [CN 3] Rule 1-054(B)(2) provides that, "[w]hen multiple parties are involved, judgment may be entered adjudicating all issues as to one or more, but fewer than all parties." In the present case, there are outstanding claims

involving Breshears *and* outstanding claims involving Ag New Mexico, thus, there has not been a judgment entered adjudicating all issues as to either of the parties on appeal. To the extent Breshears argues that "[f]inal judgment has been entered on all matters between . . . Breshears and Ag New Mexico," Breshears has not provided any authority demonstrating that an order resolving all claims between two parties, where those parties are still involved in other claims with other parties, is a final judgment for purposes of appeal. *See ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (stating that this Court will not consider propositions that are unsupported by citation to authority); *In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that where a party cites no authority to support an argument, we may assume no such authority exists). Accordingly, we conclude that the district court's order granting Ag New Mexico an in rem judgment against Breshears is not a final order pursuant to Rule 1-054(B)(2).

To the extent Breshears asserts that an understanding that these remaining matters have been resolved, Breshears does not direct this Court to any document in the record that indicates these claims have been dismissed, settled, or otherwise resolved by a judgment of the district court. *See Santa Fe Exploration Co. v. Oil Conservation Comm'n*, 114 N.M. 103, 108, 835 P.2d 819, 824 (1992) (providing that where a party fails to cite any portion of the record to support its factual allegations,

the Court need not consider its argument on appeal); *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). We conclude that Breshears' representation that none of the parties intends to pursue the remaining claims is wholly insufficient to render the judgment final in this matter where the record does not reflect that the claims have been dismissed or otherwise resolved by the district court.

Accordingly, for the reasons stated above and in this Court's notice of proposed disposition, we dismiss.

**IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Judge**


**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**J. MILES HANISEE, Judge**