This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    NO. 34,161

**DEMETRIO MUNOZ,**

Defendant-Appellant.


**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Lisa B. Riley, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

{1}     Defendant appeals from the district court's dismissal of his Rule 5-801 NMRA

(2013)[1] motion for reconsideration of his sentence as untimely. This Court issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition, which we have give due consideration. Unpersuaded, we affirm.

{2}	In this Court's calendar notice, we pointed out that Rule 5-801 requires that motions for reconsideration of sentence be filed within ninety (90) days "after the sentence is imposed," "after receipt of the mandate issued upon affirmance," or "after entry of any order or judgment of the appellate court denying review[.]" [CN 2] We noted that none of these events had occurred within the ninety days prior to Defendant filing his motion for reconsideration on April 7, 2014. [Id.] We therefore proposed to conclude that the district court did not err in determining that Defendant's motion was untimely. Further, we noted that, to the extent Defendant's motion for reconsideration could be construed as a habeas corpus petition pursuant to Rule 5-802 NMRA (2013), this Court was without jurisdiction to construe Defendant's motion in such a manner. *See State v. Barraza*, 2011-NMCA-111, ¶ 12, 267 P.3d 815 ("Although our Supreme Court has the flexibility to construe a motion as a petition for habeas corpus even where it was not denominated as such, this Court has no such jurisdiction or flexibility to do so." (internal citations omitted)).

---

[1] Rules 5-801 and 5-802 were recently amended by the New Mexico Supreme Court; however, the amended provisions only apply to those cases filed on or after December 31, 2014.

{3}     In response, we understand Defendant to argue that this Court should apply a presumption of ineffective assistance of counsel to the untimely filing of Defendant's motion for reconsideration. [MIO 8] In support of his argument, Defendant relies on *State v. Duran*, 1986-NMCA-125, ¶¶ 4-6, 105 N.M. 231, 731 P.2d 374, asserting that the "reasoning underlying *Duran* is applicable to his situation, or alternatively, . . . that he has . . . demonstrated that his trial attorney was ineffective for failing to file a [m]otion to [r]econsider [s]entence in accordance with Rule 5-801(B) NMRA." [MIO 8] Defendant also asks this Court to consider arguments not raised in his motion for reconsideration asserting that his sentence constitutes cruel and unusual punishment and violates equal protection. [MIO 16-20]

{4}     To the extent Defendant contends that the principles of *Duran* should apply to extend a conclusive presumption of ineffective assistance of counsel in the current case, we disagree. "In *Duran*, this Court created a conclusive presumption of ineffective assistance of counsel where defense counsel fails to timely file either a notice of appeal or affidavit of waiver of appeal [as] required by [Rule 5-702(B)]." *State v. Dorais*, 2014-NMCA-__,¶ 7, __ P.3d __ (No. 32,235 May 21, 2014) (internal quotation marks and citations omitted). This presumption has been "routinely" applied to reach the merits of untimely appeals. *Id.* However, *Duran* has never been extended to the untimely filing of motions for reconsideration, nor do the principles contained

in *Duran* merit such an extension. *See Duran*, 1986-NMCA-125, ¶ 4 (premising the conclusive presumption of ineffective assistance of counsel on the requirement that counsel file either a notice of appeal or a waiver).

{5}     To the extent Defendant is asserting that the untimely filing of a motion for reconsideration should be excused because trial counsel that represented him in the criminal trial and sentencing proceedings in 1994 provided ineffective assistance,[2] Defendant was entitled to raise this claim of ineffective assistance of counsel in his direct appeal from his judgment and sentence. Similarly, to the extent Defendant now raises claims of cruel and unusual punishment and violation of equal protection relating to his sentence, these issues are not properly before this Court—these issues should have been raised on direct appeal from Defendant's conviction. At this stage, any remedy Defendant may have for ineffective assistance of counsel or an illegal sentence must be brought by filing a petition for habeas corpus pursuant to Rule 5-802 NMRA. As we noted in our calendar notice, this Court is without authority to construe Defendant's motion for reconsideration of sentence as a petition for habeas corpus where it was not denominated as such. *Barraza*, 2011-NMCA-111, ¶ 12. To the extent

---

[2] To the extent Defendant's arguments can be construed as claiming ineffective assistance of counsel for actions he took in a self-represented capacity, we note that a defendant cannot claim ineffective assistance of counsel when self-represented. *See State v. Reyes*, 2005-NMCA-080, ¶ 10, 137 N.M. 727, 114 P.3d 407 (recognizing that a pro se defendant is precluded from complaining on appeal that ineffective self-representation amounts to a denial of effective assistance of counsel).

Defendant invites this Court to overrule *Barraza*, we decline to do so.

{6}    For the reasons stated above and in this Court's notice of proposed disposition, we affirm.

{7}    **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**J. MILES HANISEE, Judge**