This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-42496**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.

**LUIS ABEL ALVAREZ-TORRES,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Emeterio L. Rudolfo, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Jasmine J. Solomon, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}** This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}**     As an initial matter, we note that Defendant's November 12, 2024, notice of appeal was not timely filed from the judgment and sentence in this matter, which was entered on April 29, 2024. *See* Rule 12-201(1)(b) NMRA (stating that a notice of appeal shall be filed within thirty days after the judgment or order appealed from is filed with the district court clerk). In such cases, we presume ineffective assistance of counsel. *See State v. Duran*, 1986-NMCA-125, ¶ 10, 105 N.M. 231, 731 P.2d 374 (establishing a conclusive presumption of ineffective assistance of counsel when a notice of appeal from a conviction is untimely filed by an attorney on behalf of a represented defendant). Accordingly, we excuse the late filing and proceed to the merits of the appeal.

**{3}**     Defendant appeals his convictions for two counts of aggravated assault (deadly weapon), and one count of aggravated fleeing a law enforcement officer. *See* NMSA 1978, § 30-3-2 (1963) (aggravated assault); NMSA 1978, § 30-22-1.1 (2022) (aggravated fleeing). The sole issue on appeal is whether Defendant's convictions were supported by sufficient evidence. [BIC 12-51] "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). The reviewing court "view[s] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We disregard all evidence and inferences that support a different result. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

**{4}**     The jury instructions for aggravated assault with a deadly weapon required the State to prove beyond a reasonable doubt that, on or about October 4, 2022: (1) Defendant made threats and pointed a firearm at the victim; (2) Defendant's conduct caused the victim to believe Defendant was about to intrude on the victim's bodily integrity or personal safety by touching or applying force to the victim in a rude, insolent or angry manner; (3) a reasonable person in the same circumstances as the victim would have had the same belief; and (4) Defendant used a firearm. [RP 112-113] *See* UJI 14-305 NMRA (aggravated assault with a deadly weapon). The jury instruction on aggravated fleeing a law enforcement officer required proof that (1) Defendant operated a motor vehicle; (2) Defendant drove willfully and carelessly in a manner that endangered or could have endangered the life of another person; Defendant had been given a visual or audible signal to stop by a uniformed law enforcement officer in an appropriately marked law enforcement vehicle; and (4) Defendant knew that a law enforcement officer had given Defendant an audible or visual signal to stop. [RP 115] *See* UJI 14-2217 NMRA (aggravated fleeing); *State v. Smith*, 1986-NMCA-089, ¶ 7, 104 N.M. 729, 726 P.2d 883 ("Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured.").

**{5}**     According to Defendant's brief in chief, the following evidence was presented at trial. Witnesses Jose Pinedo and Mara Contreras testified that they heard a series of gunshots in their neighborhood on West Bluff Street in Albuquerque, New Mexico. They

then saw Defendant driving a black Cadillac Escalade and holding a gun. Defendant threatened them with the gun and told them to stop gossiping and go back inside their homes. [BIC 4] These witnesses also testified that they feared that Defendant was going to shoot them. [BIC 4-5]

**{6}**     Officer Chase Jewell testified that he responded to the 911 call for assistance after receiving reports of a black Cadillac Escalade believed to be involved in a shooting in the Bluff Street neighborhood in Albuquerque. [BIC 5] Officer Jewell testified that he was wearing his police uniform and driving a fully marked patrol car. [BIC 5] When he observed a vehicle matching the description given, he activated his emergency equipment, but the vehicle did not pull over. [BIC 5] Officer Jewell testified that the vehicle was speeding and driving in excess of fifty miles per hour in a residential neighborhood. [BIC 5] Once Officer Jewell realized that the vehicle would not stop, he deployed a GPS dart beacon on the vehicle so that he could monitor it from a safe distance. [BIC 5] The vehicle eventually returned to the same neighborhood and parked. Officer Jewell observed Defendant get out of the vehicle and enter a residence. A subsequent search of the vehicle recovered a gun and several spent shell casings. [BIC 6] The jury was also shown two surveillance videos depicting a man driving down a residential street and firing a gun out of the driver's side window, before backing up and getting out of the vehicle to confront Jose Pinedo. [BIC 7]

**{7}**     The testimony of the civilian witnesses described above, in addition to the video evidence, is sufficient to support Defendant's convictions for two counts of aggravated assault with a deadly weapon. *See* § 30-3-2 (stating that aggravated assault consists of unlawfully assaulting someone with a deadly weapon); *see also* NMSA 1978, § 30-3-1 (1963) (defining assault of "any unlawful act, threat or menacing conduct which causes another person to reasonably believe that he is in danger of receiving an immediate battery"). Additionally, Officer Jewell's testimony regarding his pursuit of the vehicle Defendant was driving was sufficient to support his conviction for aggravated fleeing. *See State v. Vest*, 2021-NMSC-020, ¶ 40, 488 P.3d 626 (holding the evidence to sufficient to prove aggravated fleeing where the defendant sped away after seeing the officer's signals to stop and drove in excess of seventy miles per hour through town roads, ultimately crashing into a road sign).

**{8}**     We understand Defendant to specifically argue that the State failed to present sufficient evidence of his identity as the person who threatened the neighbors and fled from police. [BIC 12] Defendant first argues that none of the civilian witnesses positively identified him prior to identifying him at trial. [BIC 1] To the extent Defendant contends this renders their in-court identifications unreliable, we note that "[i]t is the responsibility of the jury to weigh a witness's credibility and determine the accuracy of an in-court identification." *See State v. Romero*, 2019-NMSC-007, ¶ 49, 435 P.3d 1231; *see also State v. Cabezuela*, 2015-NMSC-016, ¶ 23, 350 P.3d 1145 ("We will not invade the jury's province as fact-finder by second-guessing the jury's decision concerning the credibility of witnesses, reweighing the evidence, or substituting our judgment for that of the jury." (alterations, internal quotation marks, and citation omitted)).

**{9}** Defendant also argues that the State failed to present evidence to link him to the vehicle and its contents, such as fingerprint evidence, and Defendant points to a discrepancy on the search warrant affidavit regarding the vehicle's VIN number. [BIC 12] However, neither of Defendant's convictions required proof that he was tied to the contents of the vehicle. Defendant's identity as the driver of the vehicle that fled from police was sufficiently established by Officer Jewell's testimony described above, whether he was tied to the vehicle's contents or not. *See Romero*, 2019-NMSC-007, ¶ 49; *Cabezuela*, 2015-NMSC-016, ¶ 23. Defendant also points to the State's failure to present testimony from the arresting officers regarding the circumstances of his arrest or testimony from the officer who secured and tagged the vehicle. [BIC 12] Insofar as Defendant argues that such evidence would have been exculpatory, we note this Court "does not evaluate the evidence to determine whether some hypothesis could be designed which is consistent with a finding of innocence." *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314; *see also State v. Ernesto M., Jr.* (*In re Ernesto M., Jr.*), 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318 (discussing that on appeal we consider whether the trial court's "decision is supported by substantial evidence, not whether the [trial] court could have reached a different conclusion").

**{10}** We therefore reject these assertions of error and affirm Defendant's convictions.

**{11} IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KATHERINE A. WRAY, Judge**