The slip opinion is the first version of an opinion released by the Clerk of the Court of Appeals. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Clerk of the Court for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: <u>December 20, 2023</u>

**No. A-1-CA-37868**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**JA'KARL AHMED JENKINS a/k/a**
**JA KARL AHMED JENKINS a/k/a**
**JAKARL JENKINS,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Leland M. Churan, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Caitlin C.M. Smith, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**OPINION**

**DUFFY, Judge.**

{1}      Defendant Ja'Karl Jenkins appeals the district court's denial of his Rule 5-801 NMRA motion for reconsideration of sentence. The district court ruled that it did not have jurisdiction to hear the motion because it was not timely filed within ninety days of when the sentence was imposed, and alternatively, that the defense was required, but failed, to present new information that was unavailable at the time of the original sentencing. On appeal Defendant argues that his motion was timely because it was filed seventy-eight days after the judgment and sentence was filed, and the district court erred in using the date of oral sentencing as the starting point for the ninety-day period. Defendant also argues that Rule 5-801 does not require that the evidence presented in support of the motion be unavailable at the time of the original sentencing hearing. The State urges this Court not to reach the merits of these issues on grounds that Defendant's plea agreement precludes his appeal and because errors in Defendant's appellate filings render this Court without jurisdiction to hear the appeal. We conclude that none of the threshold issues raised by the State prevent us from reaching the merits of Defendant's appeal. On the merits, we hold that Rule 5-801 motions are timely if filed within ninety days of the entry of the judgment and sentence and that Rule 5-801 does not require a defendant to provide

information that was unavailable at the time of sentencing. Therefore, we reverse on both issues.

**BACKGROUND**

{2}     Defendant pleaded guilty and was orally sentenced at a hearing on June 28, 2018. At the sentencing hearing, the district court received a pretrial services report, a sentencing memorandum from the Law Offices of the Public Defender (LOPD), several letters, and a psychological evaluation prepared by Dr. William Foote. The defense presented evidence of Defendant's serious developmental disabilities and his trauma from witnessing a fatal shooting. Noting that Defendant was nineteen years old at the time of his conviction, defense counsel asked the court to refer Defendant to young adult court, a specialty court focused on rehabilitation, or in the alternative, one year of house arrest with zero tolerance for violations followed by probation. The district court orally sentenced Defendant to a term of nine years imprisonment with the remainder of his sentence suspended. The court filed an order remanding Defendant into custody immediately after the hearing. The final judgment and sentence was filed thirty-three days later, on July 31, 2018.

{3}     Defendant filed a motion for reconsideration of sentence on October 17, 2018. Defendant submitted reports from a social worker at the LOPD and a report from Dr. George Davis. Defendant requested that the district court review Dr. Davis's report, findings, and recommendations and reconsider Defendant's sentence. The

State filed a response arguing that Defendant's motion was untimely because it was not filed within ninety days of the sentencing hearing where the sentence was orally announced.

{4}    At the hearing on the motion, the district court ruled that it did not have jurisdiction because the ninety-day deadline began to run at the oral announcement of the sentence. The district court also ruled that timeliness is "only half the test that's to be applied to see if a motion to reconsider is proper. The other thing it has to include [is] new information which was not available to the court at the time of the original sentencing." The court stated that Dr. Davis could have evaluated Defendant before the sentencing hearing, and concluded that even though Dr. Davis had provided some new information, "it was available prior to the sentencing. It has to be new information that was unavailable." On these two bases, the court denied the motion. Defendant appeals.

**DISCUSSION**

**I.      Waiver and Jurisdiction**

{5}    The State raises two threshold issues that we must address before turning to the merits of the appeal, (1) whether Defendant's plea agreement precludes his appeal and (2) whether this Court has jurisdiction to hear the appeal given the procedural defects in Defendant's appeal. We address each in turn.

## A. Defendant's Plea Agreement

{6} The State first argues that Defendant's plea agreement waived his right to appeal the district court's ruling on the post-conviction motion at issue here. In support of its position, the State notes only that in *State v. Chavarria*, 2009-NMSC-020, 146 N.M. 251, 208 P.3d 896, our Supreme Court held that an appellate waiver in a voluntary plea agreement ordinarily constitutes a waiver of the defendant's right to appeal his sentence other than on jurisdictional grounds. *Id.* ¶¶ 9, 16. The State has offered no argument, authority, or analysis to explain why this principle should be construed to apply to bar a post-judgment motion or legal errors in the proceedings thereon. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (explaining that appellate courts do not review undeveloped arguments). Nor has the State explored the potential scope and implications of such a construction, *see, e.g.*, Rule 5-803 NMRA, or undertaken the sort of case-specific contractual analysis required when the language of a plea agreement is at issue. *See State v. Miller*, 2013-NMSC-048, ¶ 9, 314 P.3d 655. Because the State's argument is undeveloped, we decline to consider it further.[1]

---

[1] The State also argues for the first time on appeal that the appellate waiver precluded Defendant from filing a Rule 5-801 motion in the first place. Curiously, however, the State also argues that "the jurisdictional issue in this case is ultimately immaterial because Defendant is not precluded from filing another Rule 5-801(A) motion following the outcome of this appeal." It is ultimately unnecessary to resolve the State's inconsistent positions because the State has not developed any analysis regarding the language of the plea agreement. *See Miller*, 2013-NMSC-048, ¶ 9. We

**B.     Jurisdiction**

{7}     Defendant's appeal suffers from two procedural problems that implicate our jurisdiction. First, defense counsel never filed a notice of appeal, but instead filed a docketing statement to open the appeal. *See* Rule 12-202(A) NMRA ("An appeal permitted by law as of right from the district court shall be taken by filing a notice of appeal with the district court clerk within the time allowed by Rule 12-201 NMRA."). Second, even if we were to treat Defendant's docketing statement as a notice of appeal, it was filed late. *See* Rule 12-201(A)(1)(b) ("A notice of appeal shall be filed . . . for all other appeals, within thirty (30) days after the judgment or order appealed from is filed in the district court clerk's office."). The State argues that these errors prevent this Court from exercising jurisdiction over the appeal. *See Govich v. N. Am. Sys., Inc.*, 1991-NMSC-061, ¶ 12, 112 N.M. 226, 814 P.2d 94 (holding that the appellate rules for the time and place of filing of a notice of appeal are a mandatory precondition to the exercise of jurisdiction). While these errors have unnecessarily complicated this appeal, we conclude that neither of them deprive this Court of jurisdiction to address the merits of the appeal.

---

acknowledge that the State offered additional argument regarding the appellate waiver in its supplemental brief. However, that discussion is beyond the scope of our supplemental briefing order, which permitted the parties to brief a jurisdictional issue that was not otherwise discussed in their briefing. It was not designed to give the State a second bite at the apple for issues that were otherwise raised but not developed in its answer brief.

5

**{8}** Turning first to the fact that Defendant's initial filing was a docketing statement instead of a notice of appeal, our Supreme Court has held that a docketing statement can function as a notice of appeal under Rule 12-202 as long as it substantially complies with and provides the information required by Rule 12-202(B). *See Marquez v. Gomez*, 1990-NMSC-101, ¶¶ 6-7, 111 N.M. 14, 801 P.2d 84; Rule 12-202(B), (C) (stating that a notice of appeal shall identify the parties, the name and address of counsel, the name of the court to which the appeal is taken, and include a copy of the judgment or order appealed from). The docketing statement in this case contained all of the substantive information required by Rule 12-202(B), but did not include as an attachment the order Defendant appeals from—likely because the docketing statement was filed before the district court entered its order.[2] Nevertheless, a docketing statement suffices "if the intent to appeal a specific judgment fairly can be inferred from the notice of appeal and if the appellee is not prejudiced by any mistake." *Govich*, 1991-NMSC-061, ¶ 13; *see also* Rule 12-312(C) NMRA (stating that a timely appeal "shall not be dismissed for technical violations of Rule 12-202 which do not affect the substantive rights of the parties").

---

[2]In cases where a notice of appeal is filed before the district court's order is entered, our Rules of Appellate Procedure treat the notice of appeal as if it had been filed the same day the lower court's order was filed. *See* Rule 12-201(A)(3) ("A notice of appeal filed after the announcement of a decision, or return of the verdict, but before the judgment or order is filed in the district court clerk's office shall be treated as filed after that filing and on the day of the filing.").

6

The State does not argue that Defendant's intent to appeal the district court's decision cannot be inferred from the docketing statement or that the State suffered any prejudice from Defendant's mistake. Therefore, under the circumstances, it is appropriate to treat Defendant's docketing statement as the functional equivalent of a notice of appeal.

{9}    Even accepting the docketing statement as a functional notice of appeal, the document was not timely filed in the district court within thirty days of entry of the order denying Defendant's motion. *See* Rule 12-202(A) (requiring that notices of appeal be filed with the district court clerk within the time limits set forth in Rule 12-201); Rule 12-201(A)(1)(b) (stating that the notice of appeal must be filed within thirty days after the order appealed from is filed in the district court clerk's office). In this case, the district court's order was filed on January 24, 2019. Defendant did not file the docketing statement in the district court until September 17, 2019, almost eight months after the order was entered. He did, however, file the docketing statement in the Court of Appeals on January 9, 2019—even before the district court's order was entered—and certified that the docketing statement was "delivered/mailed" to the Second Judicial District Court on January 4, 2019. We must consider whether, under these circumstances, the late filing precludes this Court from exercising jurisdiction over the appeal. *See Govich*, 1991-NMSC-061, ¶ 12

7

{10}     Neither party addressed this issue in their initial briefing. Because it is incumbent on this Court to raise jurisdictional concerns sua sponte, we requested supplemental briefing on the effect of the late filing. Defendant responded by arguing that the presumption of ineffective assistance of counsel adopted in *State v. Duran*, 1986-NMCA-125, 105 N.M. 231, 731 P.2d 374, applies in this case, or alternatively, that we should conclude counsel was ineffective under the circumstances presented. We are persuaded by Defendant's second argument.

{11}     As a general rule, "criminal defendants are not to be deprived of an appeal as of right where a procedural defect results from ineffective assistance of counsel on appeal." *Id.* ¶ 3. In *Duran*, this Court adopted a "conclusive presumption of ineffective assistance of counsel where notice of appeal or affidavit of waiver are not filed within the time limit required." *Id.* ¶ 1. We observed that New Mexico's rules of criminal procedure were designed to safeguard a defendant's constitutional right to one appeal by requiring defense counsel, within the time limits set forth in the rules of appellate procedure, to file with the court either a notice of appeal or an affidavit waiving the appeal. *Id.* ¶ 3 (citing to NMSA 1978, Crim. P. Rule 54(b) (Repl. 1985), the prior version of Rule 5-702(B) NMRA). Rather than continuing the practice of litigating on a case-by-case basis whether a late filing was the result of ineffective assistance, the *Duran* Court concluded that the failure to timely file either of these documents constituted ineffective assistance *per se*, 1986-NMCA-

8

125, ¶¶ 5, 10 (noting that "in the vast majority of our unpublished cases in which defendants sought late appeals, late appeals were granted because there was no hint of any reason for delay other than attorney neglect"). As a result, when the *Duran* presumption applies, this Court will consider an appeal timely despite the late filing, allowing us to reach the merits.

{12} Not all late-filed criminal appeals benefit from the *Duran* presumption, however, and the State argues the *Duran* presumption does not apply here because Defendant pleaded guilty below. *See State v. Peppers*, 1990-NMCA-057, ¶ 21, 110 N.M. 393, 796 P.2d 614 (holding that the *Duran* presumption does not apply to appeals from pleas of guilty or no contest). Without deciding whether the *Duran* presumption applies as a general matter under the circumstances here, we note that this Court's post-*Duran* case law demonstrates that courts will continue to consider whether ineffective assistance of counsel resulted in an untimely appeal on a case-by-case basis when the *Duran* presumption does not otherwise apply. In *Peppers*, for example, this Court permitted the defendant's untimely appeal because the case presented an unusual fact pattern wherein the defendant was wholly without counsel during the period of time in which he could have asserted his appellate rights. *Id.* ¶¶ 22-23. This Court concluded that under the circumstances, "it would be contrary to the efficient administration of justice to remand for a hearing on the issue of effective assistance of counsel and then reconsider the matter on a further appeal."

9

*Id.* ¶ 23. Therefore, this Court held that it would "assume that the untimeliness of the appeal was the consequence of ineffective assistance of counsel and will treat [the] defendant's appeal as if the notice had been filed in a timely fashion." *Id.*

{13} Likewise, in *State v. Manuelito*, 1993-NMCA-045, ¶ 1, 115 N.M. 394, 851 P.2d 516, defense counsel failed to timely file a notice of appeal in the district court after the defendant was convicted in metropolitan court. The district court dismissed the defendant's appeal on that basis. *Id.* ¶ 4. We reversed and reinstated the appeal, concluding that the defendant was denied effective assistance of counsel. *Id.* ¶¶ 8-9. This Court held that "because [the d]efendant's intent to appeal was evident, it became the obligation of his counsel to protect this right." *Id.* ¶ 7. Therefore, defense counsel "had an obligation to file a timely notice of appeal in order to preserve his client's right to appeal." *Id.* ¶ 8.

{14} In this case, like *Peppers*, we assume the late filing of Defendant's notice of appeal in the district court was the result of ineffective assistance of counsel. Just as in *Manuelito*, the record here contains clear evidence of Defendant's intent to appeal. Trial counsel filed a docketing statement with this Court on January 9, 2019, and certified that the docketing statement had been sent to the clerk of the Second Judicial District Court on January 4, 2019—well before the thirty-day deadline for filing the notice of appeal. The record contains no explanation for the eight-month delay between the filing of the docketing statement in the Court of Appeals and the

10

Second Judicial District Court. Regardless of the reason for the delay, the untimeliness of Defendant's notice of appeal is due primarily, if not solely, to the fact that trial counsel failed to follow the rules of appellate procedure and filed the wrong opening document in the wrong forum. But for these errors, Defendant's appeal would have been timely. Like *Peppers*, this case presents unusual facts, the sum of which allow us to assume that the untimeliness of this appeal was the consequence of ineffective assistance of counsel. As a result, we will treat Defendant's appeal as if it had been timely filed.

{15} In conclusion, although this appeal suffers from a number of procedural flaws, none deprive this Court of jurisdiction or prevent us from reaching the merits of the appeal.

## II.    Defendant's Rule 5-801 Motion Was Timely

{16} The primary issue presented in this appeal is whether Defendant's motion for reconsideration of sentence was timely filed "within ninety (90) days after the sentence [was] imposed" as required by Rule 5-801(A). *See Hayes v. State*, 1988-NMSC-021, ¶ 8, 106 N.M. 806, 751 P.2d 186 (stating that the deadline set forth in Rule 5-801 for filing a motion is jurisdictional). The answer depends on when the time for filing the motion began to run. The State urges us to conclude that Defendant's sentence was imposed when the district court orally announced the sentence, and that Defendant's motion was untimely because it was filed 111 days

11

after that date. Defendant contends that the time did not begin to run until the written judgment and sentence was filed, and his motion was timely filed only seventy-eight days after that date. The parties' competing views require us to interpret Rule 5-801 to determine when a sentence is "imposed" for purposes of the rule.

**{17}** "We apply the same rules of construction to procedural rules adopted by the Supreme Court as we do to statutes." *State v. Miller*, 2008-NMCA-048, ¶ 11, 143 N.M. 777, 182 P.3d 158. "In interpreting rules, we seek to give effect to the enacting authority's intent." *Roark v. Farmers Grp., Inc.*, 2007-NMCA-074, ¶ 50, 142 N.M. 59, 162 P.3d 896 (alterations, internal quotation marks, and citation omitted). "In determining the proper application of procedural rules, our review is de novo." *Miller*, 2008-NMCA-048, ¶ 11.

**{18}** Turning first to the plain language of Rule 5-801, the rule does not specify whether a sentence is imposed upon the oral announcement of sentence or the filing of the written judgment and sentence. This very issue resulted in a federal circuit split regarding the federal analogue to Rule 5-801, Federal Rule of Criminal Procedure 35. *See* Andrew P. Rittenberg, *"Imposing" A Sentence Under Rule 35(C)*, 65 U. Chi. L. Rev. 285 (1998). This split was eventually resolved by an amendment to the rule that defined sentencing as "the oral announcement of the sentence." Fed. R. Crim. P. 35(c).

{19}     Although the plain language of Rule 5-801 does not resolve the issue before us, Defendant argues that previous cases interpreting and applying Rule 5-801 do. In *State v. Romero*, this Court stated that "Rule 5-801 authorizes the filing of a motion within ninety days of the entry of the judgment and sentence." 2014-NMCA-063, ¶ 11, 327 P.3d 525 (contrasting the ninety-day period for filing a Rule 5-801 motion with the shorter time limits in most civil rules governing post-judgment motions). In other cases, courts have calculated whether a Rule 5-801 motion is timely using the date the written judgment and sentence is filed. *See State v. House*, 1996-NMCA-052, ¶ 26, 121 N.M. 784, 918 P.2d 370 (noting that the defendant's Rule 5-801 motion was timely because it was filed less than a month after the judgment and sentence was filed), *modified on other grounds*, *State v. Taylor*, 2021-NMSC-023, ¶ 2, 491 P.3d 737; *State v. Trujillo*, 1994-NMSC-066, ¶ 10, 117 N.M. 769, 877 P.2d 575 (holding that even if the defendant's habeas petition could be considered as a Rule 5-801 motion, the district court did not have jurisdiction because "the petition was not filed until . . . well after ninety days from the date the district court filed its amended judgment and sentence"); *State v. Conant*, A-1-C-39063, mem. op. ¶ 10 (N.M. Ct. App. Sept. 11, 2023) (nonprecedential) (concluding that the defendant's motion challenging the amount of restitution ordered by the district court must be brought within the time provided in Rule 5-801 and was untimely because it was filed 258 days after the entry of the judgment and sentence).

{20} The State argues these cases do not provide the necessary facts and analysis to conclude that a sentence is imposed only upon the filing of the judgment and sentence. In *Romero*, however, an evaluation of the rule's time requirements was integral to this Court's reasoning, and we cannot agree with the State's suggestion that our conclusion was merely dicta. *See* 2014-NMCA-063, ¶ 11 (acknowledging that Rule 5-801's requirement that motions be filed within ninety days of the entry of judgment and sentence created a "temporal anomaly" as to whether the judgment was final for purposes of appeal); *see also* Rule 5-801 comm. cmt. (citing *Romero*, 2014-NMCA-063). Because our previous cases have consistently looked to the date the judgment and sentence is filed, they are persuasive authority for the conclusion that a sentence is "imposed" for purposes of Rule 5-801(A) when the judgment and sentence is filed.

{21} The State also suggests that even if it is appropriate to rely on the date the written judgment and sentence is filed in some cases, it is not the exclusive measure. Relying on *State v. Garcia*, 2022-NMCA-008, 504 P.3d 567, the State argues that in some instances, a sentence is imposed "when the district court informs the defendant orally of the sentence, reduces that sentence to writing, and the defendant begins serving that sentence." We are not persuaded that the double jeopardy principles discussed in *Garcia* require us to depart from *Romero*'s assessment that "Rule 5-801

authorizes the filing of a motion within ninety days of the entry of the judgment and sentence." *Romero*, 2014-NMCA-063, ¶ 11.

{22} In *Garcia*, we were asked to determine whether the district court's decision to increase the term of imprisonment in the defendant's sentence violated double jeopardy principles. 2022-NMCA-008, ¶ 18. The district court announced the defendant's sentence orally at a sentencing hearing and remanded him into custody after the hearing. *Id.* ¶ 15. Before the district court entered the written judgment and sentence, the defendant moved to reconsider his sentence, arguing that one of his convictions should be vacated on double jeopardy grounds. *Id.* ¶ 16. The district court agreed and resentenced the defendant twice, ultimately increasing the actual term of imprisonment from ten to fifteen years. *Id.* ¶¶ 16-17. We concluded that the subsequent imposition of a greater term of incarceration violated the defendant's right to be free from double jeopardy. *Id.* ¶ 28.

{23} *Garcia* observed that "[t]he double jeopardy clauses of the United States and New Mexico Constitutions protect a criminal defendant's reasonable expectation of finality in a sentence." *Id.* ¶ 19 (internal quotation marks and citation omitted). This Court's holding relied on a "well-established principle of New Mexico law that a trial court generally cannot *increase* a valid sentence once a defendant begins serving that sentence" without violating the double jeopardy clauses of the state and federal constitutions. *Id.* (emphasis added) (internal quotation marks and citation omitted).

15

The Court emphasized that the finality of a sentence does not turn on whether it was oral or written, but rather whether the defendant had commenced serving his sentence. *Id.* ¶ 21 ("[A] defendant can reasonably rely on the finality of a sentence— oral or written—once the defendant has begun serving the sentence."). Consequently, this Court concluded that "upon remand to custody for the purpose of serving the originally-imposed sentence, [the d]efendant began serving his sentence, with a reasonable expectation in its finality, before his resentencings." *Id.* ¶ 20.

{24}   The State argues that the same principles apply here such that Defendant's sentence was "imposed" when the sentence was announced in open court and Defendant was remanded into custody. *See id.* ¶ 28. While those facts are relevant to whether Defendant had a reasonable expectation that his sentence would not be increased—a matter not at issue here—*Garcia* was clear that the oral sentence remains interlocutory in nature until the judgment and sentence is entered. *Id.* ¶ 21. Our courts have long recognized that "[t]he trial judge ha[s] authority to change the orally-pronounced sentence prior to entry of [the] written judgment and sentence." *State v. Rushing*, 1985-NMCA-091, ¶ 6, 103 N.M. 333, 706 P.2d 875. This is true even where the defendant's sentence has taken effect. *See id.* Ultimately, "it is the written sentence which controls." *State v. Kenneman*, 1982-NMCA-145, ¶ 9, 98 N.M. 794, 653 P.2d 170; *see also Rushing*, 1985-NMCA-091, ¶ 6 ("An oral pronouncement is not a final judgment and is subject to change until reduced to

16

writing.”); *Bouldin v. Bruce M. Bernard, Inc.*, 1967-NMSC-155, ¶ 3, 78 N.M. 188, 429 P.2d 647 (stating that an oral ruling by a trial judge “is merely evidence of what the court had decided to do—a decision that the trial court can change at any time before the entry of a final judgment”). Given this, we are not persuaded that *Garcia*’s concern for a defendant’s reasonable expectation of finality governs when a sentence is “imposed” for purposes of Rule 5-801. Instead, because the written judgment and sentence is controlling, it is the appropriate measure for evaluating when a defendant’s time for filing a motion for reduction begins to accrue. The date on which the judgment and sentence is entered has the additional benefit of providing a date certain for calculating the timeliness of a Rule 5-801 motion, rather than the fact-specific, case-by-case analysis required in the double jeopardy context. *Cf. State v. Banghart-Portillo*, 2022-NMSC-021, ¶ 27, 519 P.3d 58 (holding in a 3-2 decision that the defendant did not have a reasonable expectation of finality in her sentence at the time the district court enhanced her sentence). As with *Romero*, *House*, *Trujillo*, and *Conant*, we conclude the time for filing a Rule 5-801 motion did not begin to run until the written judgment and sentence was entered.

{25} We briefly address the State’s argument that our holding will mean that defendants are precluded from filing 5-801 motions before the written judgment and sentence is filed. This is not the case. As Defendant points out, the plain language of the rule states only that a motion may be filed “*within* ninety (90) days after the

17

sentence is imposed." Rule 5-801(A) (emphasis added). Defendant construes this to mean that the motion may be filed any time before that deadline. We agree with this analysis. The rule provides an outer, jurisdictional limit for filing a motion seeking a reduction of the defendant's sentence; it does not prohibit a defendant from filing such a motion before the written judgment and sentence is filed. In fact, this was the very circumstance presented in *Garcia*, where the defendant sought discretionary reconsideration of his sentence before the judgment and sentence was entered. 2022-NMCA-008, ¶¶ 16, 22-25. The State has provided no authority for its interpretation and we have likewise found no support for it. Consequently, there is nothing to prevent a defendant from filing a 5-801 motion before the judgment and sentence is filed.

{26}    In conclusion, we hold that "Rule 5-801 authorizes the filing of a motion within ninety days of the entry of the judgment and sentence." *Romero*, 2014-NMCA-063, ¶ 11. Because Defendant's motion for reconsideration of sentence was filed seventy-eight days after the judgment and sentence was entered in this case, we hold that Defendant's motion was timely and reverse the district court's contrary conclusion.

**III.    The Evidence Presented Did Not Have to Be Unavailable at Sentencing**

{27}    The district court also ruled that a defendant seeking reconsideration of a sentence must present new information that was not reasonably discoverable at the

18

time of sentencing. On appeal, Defendant argues that the Rule does not contain this requirement. The State argues that Defendant failed to preserve his argument because he failed to elicit a clear ruling on the issue and proceeded below on the premise that he satisfied this requirement. But as Defendant notes, we review a district court's denial of the motion for abuse of discretion, and any mistake of law is, by definition, an abuse of discretion. *See State v. Lavone*, 2011-NMCA-084, ¶ 5, 150 N.M. 473, 261 P.3d 1105 ("A court abuses its discretion if it acts contrary to law.").

{28}   The plain language of Rule 5-801 contains no requirement that the information offered in support of the motion be "unavailable" at the time of sentencing. Rather, under Rule 5-801 "it is within the trial court's discretion whether to modify a valid sentence." *State v. Herbstman*, 1999-NMCA-014, ¶ 8, 126 N.M. 683, 974 P.2d 177. Neither party has directed us to any authority interpreting Rule 5-801 as requiring evidence that was otherwise unavailable at the time of sentencing, and in the absence of such a requirement, the district court erred in its interpretation of the rule. On remand, the district court has discretion to consider whether the evidence Defendant offers in support of his motion is new or persuasive and what weight to accord the Defendant's evidence. The absence of new evidence may impact the persuasive value of a defendant's motion, but it does not prevent the district court from considering the motion in the first place.

19

**CONCLUSION**

{29}   We reverse and remand for further proceedings consistent with this opinion.

{30}   **IT IS SO ORDERED.**

_____
**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

_____
**SHAMMARA H. HENDERSON, Judge**

_____
**GERALD E. BACA, Judge**